HARRIS *v.* PRYOR *et al.*

(*Common Pleas of New York City and County, General Term.* March 7, 1892.)

1. FACTORS AND BROKERS—CONTRACT—EVIDENCE.

Plaintiff, in New York, having sold certain stocks short, through brokers in Philadelphia, the latter wrote him that, as they had made an exception in his case to their usual rule requiring 5 per cent. margin, they looked to him to keep his account in proper shape, without waiting for them to call on him. The margin in their hands was then less than 1 per cent., and they further stated that, if they did not receive a check on the following morning, (Saturday,) they would put stop orders to the best of their ability. By a letter of the same date, which crossed that of the brokers, plaintiff stated that he would come over on Monday, and would know by then or on Tuesday what he could do, and authorized the brokers to put stop orders on some of the stocks a point from the market. On receipt of this letter the brokers telegraphed (11: 30 A. M., Saturday) that they had put stop orders on all the stocks a half point from the market, and a little later (11: 40) that they had closed his deals. *Held* sufficient to warrant the jury in finding that there was a reasonable notice of demand for margins, that such notice was not waived, and that there was no agreement to hold the stocks until the stops authorized by plaintiffs were reached.

2. SAME—EVIDENCE.

A letter in regard to the transaction, written by the brokers on Sunday, was admissible in evidence, it being a reply to one of the previous day from plaintiff, which had gone to the jury.

3. SAME.

As the correspondence was insufficient to establish any special agreement, it was proper to prove the original understanding between the parties.

4. SAME—ACTIONS—THEORY OF TRIAL.

On closing the deals there was left in the brokers' hands $100 belonging to plaintiff. On the trial the jury were instructed that it was conceded that, if there was any right of recovery, plaintiff was entitled to $646.25, to which plaintiff's counsel assented. After retiring, the jury sent to inquire if they might bring in a verdict for a less sum, to which the court replied in the negative. *Held*, that this was not erroneous, as plaintiff, after suing on the theory of a repudiation of the transaction, could not affirm it, and recover the balance due.

Appeal from city court, general term.

Action by Henry G. Harris against S. Morris Pryor and Charles W. Drake to recover money. From a judgment of the general term of the city court. affirming a judgment entered on a verdict for defendants, plaintiff appeals. Affirmed.

· Argued before DALY, C. J., and BISCHOFF, J.

*Wm. W. Hewitt,* for appellant. *Wm. Pennington Toler,* for respondents.

DALY, C. J. The appellant may justly claim that the terms of the contract between him and the defendants, as brokers, appear from their correspondence. In their letter of April 5, 1889, the defendants say: "As we have written you before, we have made an exception of your account, and not required our usual 5 per cent. margin. Consequently we look to you to keep your account in proper shape, without waiting for us to call upon you." Unless by the subsequent correspondence between the parties some other arrangement was entered into, the brokers had the right to demand such margin as would secure them from loss, and, if their customer failed to respond within a reasonable time, to close the transaction. They had, in effect, extended a credit to plaintiff, which they had a right to terminate upon due notice. They could then purchase stocks to cover the sales they had made for him upon their own responsibility. *White* v. *Smith*, 54 N. Y. 526. The brokers resided in Philadelphia, and the plaintiff in New York. Prior to April, 1889,

they had sold short, by his direction, over 350 shares of 10 different stocks, and at the time of writing the above letter he had only about $240 margin of credit to his account on those 350 shares. Their letter went on to state this fact, and closed with the following notice: "If we do not receive a check for at least one per cent. further margin by to-morrow morning's mail, we shall be obliged to figure your account to put stop orders to the best of our ability." A letter from plaintiff to them, written on the same day, (Friday,) crossed this notice. In it plaintiff stated that he would come over on Monday, and would know then or by Tuesday what he could do; that he was expecting considerable money early the following week, and would know by Tuesday night, whether he would receive it or not; and authorized defendants to put stops on three specified stocks at 1 per cent. above the close that night, (Friday.) On receipt of this letter defendants telegraphed, (Saturday, 11:30 A. M.:) "Have put stop orders on all your stocks about one-half point from market;" and subsequently, on the same day, (11:40 A. M.:) "Impossible for us to carry your stocks over on such slim margin. Have closed out everything but oil. Prices later." To this plaintiff telegraphed and wrote, refusing to accept the reported purchases. The purchases actually made on April 6th by defendants on plaintiff's account left a balance to his credit of $100. The claim of plaintiff upon this correspondence is: *First*, that defendants waived their demands for margin; and, *second*, that the minds of the parties met upon a new agreement that the stocks were to be held until the stop orders placed by plaintiff was reached. If there were a waiver of the first demand and notice, a further notice would be necessary; and a waiver might be inferred from any further negotiation or proposition on the part of the brokers after the notice. *McGinnis* v. *Smythe*, 23 Wkly. Dig. 203, affirmed 101 N. Y. 646, 4 N. E. Rep. 759. In this case, from their verdict, the jury evidently found that the defendants had not waived their demand for margin, and the evidence supports such a finding. The notification by defendants that they would place stop orders at a half point was not a waiver of their previous demand and notice, but a direct fulfillment of their expressed intention to put stop orders to the best of their ability. It was not a new proposition, nor was there any negotiation after their first demand and notice. It was not a new agreement, for the minds of the parties never met upon the question of stop orders; plaintiff having directed stop orders at 1 per cent. upon a few of his stocks, and defendants disregarding this direction, and adhering to the express terms of their notice. All these questions were for the jury, and we must assume that they were duly and properly submitted to them, for the charge of the judge is not printed in the case, and no exceptions upon those points were taken. The verdict of the jury also establishes that the notice from defendants to plaintiff was a reasonable one. Plaintiff, upon this appeal, assumes that the notice was given at 11:23 on Saturday, and that his account was closed by noon of that day; but in fact the notice was given by the letter of the defendants the day before, to which plaintiff in effect responded by his letter, admitting his inability to furnish margin, and by making no other reply to their notice.

The exceptions taken at the trial do not call for a reversal. The letter of defendants written on the 7th was admissible, because it was a part of the correspondence between the parties as to the transaction in suit, it being a reply to the plaintiff's letter of the 6th, which was put in evidence. Where a letter in correspondence is offered by one party and answered the day after, the answer may be read in evidence. *Roe* v. *Day*, 7 Car. & P. 705; 1 Greenl. Ev. § 201, note. Several exceptions were taken by plaintiff to the admission of evidence on defendants' part as to the original agreement or understanding between the parties as to margins. The evidence was objected to upon the ground that there was a special contract between the parties. It appears from the appeal brief that this contention is based upon the correspondence,

of April 5th and 6th, which is assumed to establish an agreement to carry the stocks until the stop order placed by plaintiff was reached. As this contention is not justified by the correspondence, the objection was not well taken. The judge instructed the jury that it was conceded that the plaintiff, if entitled to recover at all, was entitled to $646.25. To this plaintiff's counsel assented; yet when the jury, after retiring, sent in to inquire if they might bring in a verdict for a less sum than that amount, and the judge replied in the negative, the plaintiff excepted. Error is claimed because it appears from the uncontradicted testimony that the defendants had at least $100 in their hands belonging to plaintiff after he was closed out. No such point was made at the trial, and the action was brought upon a repudiation of the transaction which resulted in that balance. The judgment cannot be reversed for error because the plaintiff, after verdict against him, is willing to affirm the transaction, and take the balance due upon the account as stated by the defendants. No other exceptions are noticed upon appellant's brief. The judgment must be affirmed, with costs.